R. B. Johnson, Calvert C. Little, Luker & Luker, London, Ky., for defendants.

**UNITED STATES of America, Plaintiff,**

v.

**Fannie McFADDEN et al., Defendants.**

**No. 872.**

United States District Court E. D. Kentucky.

April 1, 1959.

HIRAM CHURCH FORD, District Judge.

This is an action by the United States of America to quiet title to the surface of 153 acres of land located in Laurel County Kentucky within the Cumberland National Forest and under the administration of the Forest Service, United States Department of Agriculture. The land, designated by the Forest service as tract No. 1520K, was acquired by the United States from the Castle Craig

Coal Company by deed dated October 14, 1935.

Defendants Fannie McFadden and Bertha McFadden Howard by counter-claim are asserting ownership of and seek to have title quieted in them to a 5-acre portion of tract No. 1520K at a point where it adjoins their property.

The United States and the defendants Fannie McFadden and Bertha McFadden Howard trace their titles to adjoining land patents issued by the State of Kentucky. The parties have entered into the following stipulation which is accepted by the court as correctly stating the facts and issues:

"(1) Attached hereto are maps marked 'Exhibit A' and 'Exhibit B' showing in red the area in dispute containing approximately 5 acres.

"(2) That Patent No. 62334 issued in 1889, is the Patent under which the United States of America derives its title; that Patent No. 66049 issued in 1898 is the Patent under which the Defendants Fannie McFadden and Bertha McFadden Howard derive their title; and that Patent No. 62334 is Senior to Patent No. 66049.

"(3) That the only issue involved in this case is the line between the government land (tract # 1520K) and the land of Fannie McFadden and Bertha McFadden Howard between corner 1 and corner 2 of tract # 1520K.

"(4) That the Senior Patent issued to Jarvis McFadden, No. 62334, along the line in question, calls for '2 spruce pines on bank of branch' as the beginning, and that the closing call from 'two white oaks and three spruce pines on bank of branch' goes *thence up the same with its meanders when reduced to a straight line South 34 West 96 poles to the beginning.'* That the branch referred to is commonly known as McFadden Branch.

"A certified copy of the original Plat and Certificate of Survey of

said Patent No. 62334 is attached hereto as 'Exhibit C.'

"(5) That the Junior Patent No. 66049 along the line in question goes from '2 spruce pines on the branch; thence down with same and Jarvis McFadden's line N 34 E 64 poles to a spruce pine in old Reese line.' That this line is but a portion of the distance in the reverse direction from the point at the end of the S 34 W 96 poles call under item 4 above.

"A certified copy of the original Plat and Certificate of Survey is attached hereto as 'Exhibit D.'

"(6) The '2 spruce pines on the branch' called for in Junior Patent No. 66049 are the same '2 spruce pines' called for in Senior Patent No. 62334.

"(7) The deed to the United States of America from the Castle Craig Coal Company dated October 14, 1935, and recorded in Laurel County, Kentucky Records in Deed Book 79, Page 379, describes the line between corners 1 and 2 of tract # 1520K as follows:

"'Beginning at corner 1, common to Jake McFadden heirs and Jarvis McFadden parcels, a point in center of West Fork of Dog Branch at the mouth of McFadden Branch. Hacked a poplar as a witness corner which bears N. 31° E., 0.23 chain distant. Witnessed said poplar by two (2) spruce pines which bear N. 43° W., 0.48 chain distant and S. 51° W., 0.38 chain distant, respectively.

"'Thence ten (10) lines with said McFadden heirs parcel:

"'(1) Southwesterly, up said McFadden Branch with the meanders thereof, 23.19 chains to corner 2, a point in center of said branch, identified by L. N. Ray, witnessed by set stone with old marks and witnesses, which bears N. 54° W., 1.00 chain distant. Witnessed said stone

by spruce pine and cucumber bearing trees scribed BTMcH35.'

"The parties hereto waive all right to trial by jury and submit to the court on the facts stipulated herein the following questions or issues:

"A. Whether the call in Senior Patent No. 62334 set forth in item 4 above meanders the stream between the points referred to or is a straight line running S 34° W 96 poles between said points.

"B. Whether the call in Junior Patent No. 66049 set forth in item 5 above meanders the stream between the points referred to or is a straight line running N 34° E 64 poles.

"C. If Junior Patent No. 66049 goes N 34° E 64 poles in a straight line and does not meander the branch, then do the owners of said Patent have title to the area between the 34° line and the branch.

"D. Whether the deed to the United States referred to in item 7 above meanders McFadden Branch from corner 1 to corner 2 and whether corner 2 called for in the deed to the United States is in the center of McFadden Branch or is the set stone with old marks located N 54° W 1.00 chain from a point in the center of the Branch.

"It is hereby stipulated and agreed by the parties hereto that the court enter a decree consistent with its findings on the questions and issues presented herein, confirming and quieting title to the approximately 5 acres lying between the 34° line and McFadden Branch in the United States or in Fannie McFadden and Bertha McFadden Howard."

Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action, 28 U.S.C.A. § 1345.

2. The stipulation discloses that the only question here involved is whether the boundary line between the lands of the respective parties, described in senior patent No. 62334, as running up McFadden Branch "with its meanders when reduced to a straight line South 34 West 96 poles to the beginning" fixes the boundary line as "the meanders of the stream" or "a straight line".

■ "The well-settled law in Kentucky" is that "where a deed calls for the meanders of a stream as a boundary they must be followed and the courses and distances yield to the winding path of the stream where there is conflict." Ball Creek Coal Company v. Napier, 305 Ky. 308, 314, 202 S.W.2d 728, 731; Merritt v. Palmer, 289 Ky. 141, 145, 158 S.W. 2d 163.

■ 3. "The original plat is not only admissible as evidence, but it is intrinsically one of the most potent facts which can be adduced; and hence it has been often admitted by this court as always either preponderating or alone conclusive." Carter v. Elk Coal Company, 173 Ky. 378, 394, 191 S.W. 294, 300.

■ 4. In view of the law that where there is a conflict as between calls for the meanders of a stream as a boundary and calls for a straight line, courses and distances calling for a straight line must yield to the winding path of the stream, and the further fact that the line here in question, as indicated by the surveyor who made the original plat of senior patent No. 62334, filed herein as Exhibit "C" with the stipulation, clearly shows that the line here in question follows a winding path such as would indicate meanders of a stream and not a straight line, it seems clear that the line in dispute running between corner 1 and corner 2 of tract No. 1520K referred to in Paragraph 3 of the stipulation, must be adjudged to follow the meandering of the stream commonly known as McFadden Branch and not a straight line, and that corner 2 called for in the deed to plaintiff from Castle Craig Coal Company, dated October 14, 1935, is in the center of McFadden Branch.

For the reasons herein indicated, plaintiff, United States of America is entitled to judgment quieting title in the plaintiff as against the defendants to the 153 acres of land described as tract No. 1520K in the deed from Castle Craig Coal Company to the United States of America, dated October 14, 1935, including the five acre tract lying between the 34° straight line and McFadden Branch. The claims herein asserted by counter claim of the defendants should be denied.

Counsel for plaintiff will prepare, serve and submit for entry judgment in conformity herewith.